## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

ROBERT BERRY,

       PLAINTIFF,

v.                              CIVIL ACTION NO.:

BOYETT'S VACUUM
PUMPING, INC.,

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, ROBERT BERRY, (hereinafter referred to as the "Plaintiff" or "Berry"), by and through his undersigned attorney, and sues the Defendant, BOYETT'S VACUUM PUMPING INC., (hereinafter referred to as the "Defendant" or "Boyett's"), and submits this Complaint which alleges the following:

### *JURISDICTION AND VENUE*

1.      This is an action to remedy discrimination on the basis of disability, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida

1

Statutes. Plaintiff further brings this action for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq,* as he was not paid overtime for any hours worked over forty (40) per week, even though he was a "non-exempt" employee, and thus entitled to such wages under federal law and common law quantum meruit and unjust enrichment.

2.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54, the FLSA and other Florida Statutes as set forth herein.

5.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), as the unlawful employment practices were committed in this judicial district.

6.      Plaintiff has complied with all conditions precedent to the filing of this suit.

7.      On or about January 13, 2020, Plaintiff dual filed a charge of discrimination with the Florida Commission on Human Relations (FCHR) and Equal Employment Opportunity Commission (EEOC) for investigation. On April

29, 2020, Plaintiff received a determination from the FCHR. On October 5, 2020, Plaintiff received a Notice of Right to Sue from the EEOC, thereby notifying him of his right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against Defendant within 90 days of receipt thereof.

### *PARTIES*

8.    Plaintiff is a Caucasian male and a citizen of the State of Florida, Escambia County and who resides in Pensacola, Florida.

9.    Defendant, Boyett's, is a for-profit company licensed to do and is doing business in Florida. Defendant's principal place of business is located in Pensacola, Florida and provides portable sanitation services throughout Northwest Florida and South Alabama. Defendant is an employer within the meaning of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), and Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

10.    During all times material to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d).

## *FACTS*

11.     Plaintiff is a 51 year old Caucasian male.

12.     Plaintiff was employed by Boyett's from September 2009, until his unlawful termination on December 6, 2019.

13.     Plaintiff was employed by the Defendant as a Service Technician.

14.     Since Plaintiff began working for Boyett's, in September 2009, he performed the duties and responsibilities of his position in a satisfactory manner.

15.     Plaintiff is a retired member of the United States Military and suffers from physical disabilities to his wrists and knees for which he has a thirty (30) percent disabled rating from the VA.

16.     In July 2018, Plaintiff had multiple procedures to repair his wrist and knee.

17.     Plaintiff underwent a wrist fusion as well as a total knee replacement.

18.     Due to Plaintiff's disability, an accommodation of a helper was needed to assist him with some of the physical labor he was required to perform as a service technician.

19.     Shortly after his knee surgery, Defendant fired Plaintiff telling him that he was "no use" to them with his disabilities now worse.

20.     Plaintiff had to get Defendant's son, Logan Boyett, involved to

4

undue the termination, but as a condition of Plaintiff's continued employment with Defendant he was required to sign an employment agreement that included a non-compete clause and a termination due to disability clause.

21.     This requirement had never been asked or required of Plaintiff in the previous nine (9) years of his employment with Defendant.

22.     The termination due to disability clause is discriminatory on its face as it specifically attempts to justify any future termination of Plaintiff due to his disability.

23.     After Plaintiff's knee surgery his co-workers were not pleased that he needed a helper to assistance him with some of his daily routes.

24.     Plaintiff's co-workers were not pleased that Defendant rehired him and in the months following Plaintiff's surgery, his co-workers continued to complain about him having a helper assist him on routes.

25.     In the months following his surgeries, Defendant hired two new employees that took some time to train.

26.     Once the last employee was trained and doing work on his own, Defendant fired Plaintiff a week later.

27.     Defendant had grown tired of hearing Plaintiff's co-workers complain about him having a helper.

28.     Defendant had knowledge of Plaintiff's physical disabilities and

actually terminated his employment in December 2019 because of his disabilities.

29.    Plaintiff is a qualified individual with a disability:

(a) he has a physical impairment that substantially limits one or more major life activities: he suffers from a lack of mobility.

(b) Plaintiff is under doctor's care for treatment of his physical disabilities.

(c)  he has a record of such impairment; and,

(d)  he was regarded by his employer as having impairments.

30.    Plaintiff's disabilities substantially affect the major life activities of mobility.

31.    Plaintiff had the ability to perform the essential functions of his position with or without a reasonable accommodation and did so in a satisfactory manner.

32.    Defendant knowingly and intentionally discriminated against Plaintiff by terminating his employment because of his requested accommodation and by treating other similarly situated non-disabled individuals more favorably than Plaintiff because of him moving slower and needing a helper.

33.    This continual and intentional discrimination and harassment by Defendant lead to Plaintiff's unlawful termination.

6

34.     Any possible assertion that there was a viable business justification for Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

35.     During Plaintiff's employment with Defendant, he was a driver/laborer, not a supervisor and did not have the authority to hire, fire, switch or change an employee's schedule without permission or force an employee to work a different schedule. Plaintiff was an hourly employee that was required to punch in and out of work.

36.     As a driver/laborer, Plaintiff was required to perform tasks associated with septic tank pumping and delivery of portable restrooms trailers, like driving a flatbed truck and performing manual labor such as setting up restroom trailers, pumping out the vacuum truck, cleaning of grease traps and septic tanks and use a shovel or other tools to dig and expose tank lids.

37.     In order to perform his duties, Plaintiff worked approximately fifteen (15) hours a week in excess of the standard forty (40) hour work week or approximately two thousand (2,000) hours of overtime in the three years preceding his termination on December 6, 2019.

38.     As a part of Plaintiff wages, he was to be paid a non-discretionary one percent (1%) commission for customer retention and five percent (5%) for

new sales or rentals of portable toilets and commercial grease trap services.

39.    In addition to the additional overtime hours worked but that were unpaid by Defendant, it underpaid Plaintiff for all overtime hours it did pay as it did not properly calculate the regular rate of pay to include the non-discretionary one percent (1%) commission for customer retention and five percent (5%) for new sales or rentals of portable toilets and commercial grease trap services.

40.    Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's driver/laborer/ sales work for the Defendant affected interstate commerce.

41.    The Defendant is an employer and enterprise engaged in interstate commerce as it provides portable sanitation services in Northwest Florida and South Alabama.

42.    The Defendant controlled the day to day operations of its business including matters concerning hiring, firing, payroll, setting employee hourly rates, schedules and policies, making procedures, setting goals, marketing, setting rates and prices, and other business operations.

43.    The Defendant supervised the operations of its business, including hiring and firing employees, setting store hours and schedules and establishing the duties and responsibilities of all its employees.

44.    The Defendant had gross earnings in excess of $500,000 annually for

the years 2017,  2018,  and 2019.

45.     Defendant, at all times material, was the employer of Plaintiff within the meaning of the FLSA, *29 U.S.C. § 203(d).*

46.   Plaintiff, at all times material, was an employee of Defendant within the meaning of FLSA, *29 U.S.C. § 203(e).*

47.   Defendant hired Plaintiff to provide services in Northwest Florida and South Alabama and paid him an hourly rate and then as a salaried employee.

48.   At all times material hereto, from August 2009 until Plaintiff's involuntary termination in December 2019, Plaintiff regularly worked in excess of 40 hours per week, including weekend work.

49.   At all times material herein, the Defendant controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting Plaintiff's work schedule including the number of days and assigning the Plaintiff's work duties.

50.     Plaintiff's duties and responsibilities as driver/ laborer/ salesman were not servicing, managing or administrating Defendant in the way intended by the administrative or any other exemption regulations as set forth in the FLSA.

51.   At all times material hereto, Defendant failed to comply with *29 U.S.C. §§ 201-209,* because Plaintiff performed services for the Defendant for which no

provisions were made by Defendant to properly pay Plaintiff for the hours worked in excess of forty within a work week.

52.   Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty hours per work week and failed to properly calculate his regular rate of pay for purposes of determining his actual overtime rate as it did not properly calculate the regular rate of pay to include the non-discretionary one percent (1%) commission for customer retention and five percent (5%) for new sales or rentals of portable toilets and commercial grease trap services.

53.   Defendant knew and was aware at all times that the Plaintiff was not being paid overtime wages or the correct overtime rate as required by the FLSA.

54.   Defendant willfully and intentionally refused to pay Plaintiff's overtime wages or the correct overtime rate of pay as required by the FLSA as Defendant knew of the overtime requirements of the FLSA and recklessly failed to investigate whether the Defendant's payroll practices were in accordance with the FLSA.

55.   Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

<u>FIRST CAUSE OF ACTION</u>
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

56.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 55 of this complaint with the same force and effect as if set forth herein.

57.     This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

58.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

59.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

60.     Any possible assertion that there was a viable business justification for the Plaintiff's termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

61.     The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

62.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory actions of Defendant  that lead to his discharge from Defendant's employment.

63.   As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

64.     Plaintiff has retained the undersigned attorney to assist his, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

12

65.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

66.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 55  of this complaint with the same force and effect as if set forth herein.

67.     This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

68.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

69.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

13

70.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against his for engaging in a protective activity and for any actual or perceived disability.

71.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

72.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

73.    As a result of being wrongfully and unlawfully retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

74.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

75.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### THIRD CAUSE OF ACTION
*(Violation of the Fair Labor Standards Act "FLSA")*

76.  Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 55 of this complaint with the same force and effect as if set forth herein.

77.     Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

78.     As employees for Defendant, Plaintiff worked hours in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours.

79.     Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

80.     Throughout Plaintiff's employment, Defendant have known that Plaintiff was not exempt from the wage and overtime obligations imposed by the FLSA.

81.     Defendant knew that it was required to pay Plaintiff for all hours worked.

82.     In spite of such knowledge, Defendant willfully withheld and failed to pay the wages and overtime compensation to which Plaintiff was entitled Pursuant to the FLSA, Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one half times his regular rate and to properly calculate the regular rate of pay to include the non-discretionary one percent (1%) commission for customer retention and five percent (5%) for new sales or rentals of portable toilets and commercial grease trap services.

83.     Because Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff is entitled to overtime wages for the three years preceding his termination on December 6, 2019.

84.     The exact amount of compensation, including overtime compensation that Defendant failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by them. However, it is estimated that in the three year preceding his termination, Plaintiff work approximately two thousand hours of overtime.

85.     The FLSA requires employers to make, keep, and preserve

records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

86.     Plaintiff is entitled to review the Defendant's records of hours worked to determine the exact amount of overtime owed by Defendant.

87.     Absent Defendant keeping these records as required by law, Plaintiff is entitled to submit his information about the number of hours worked.

88.     Defendant's failure to pay Plaintiff compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA.

89.     Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

90.     Plaintiff has been required to file this action as the result of Defendant' actions in failing to pay his proper compensation.

91.     Plaintiff is entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### (ACCRUED AND UNPAID WAGES AND COMMISSIONS - FLORIDA STATUTE 448.08)

92.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 55 of this complaint with the same force and effect as if

set forth herein.

93.   This is an action for unpaid commissions pursuant to *FLORIDA STATUTE 448.110.*

94.   Defendant received substantial and valuable benefits from Plaintiff for services provided by Plaintiff in the three years preceding his termination on December 6, 2019.

95.   Plaintiff is entitled the actual and total wages earned by him for services rendered.

96.   The calculation of unpaid overtime is based on approximately two thousand overtime hours worked by Plaintiff in the three years preceding his termination on December 6, 2019.

97.   Defendant's intentional misclassification of Plaintiff resulted in unpaid overtime compensation.

98.   Defendant has failed or otherwise refused to pay Plaintiff, in whole or in part, the wages earned during this time period.

99.   In accordance with Florida statute, Plaintiff is entitled to the total and actual wages owed to him.

100.   Under the circumstances of this case, it would be inequitable for Defendant to retain the full amount of benefits conferred upon and realized by it, without payment to Plaintiff for the actual and total wages owed to her.

### FIFTH CAUSE OF ACTION
*(QUANTUM MERUIT)*

101.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 55 of this complaint with the same force and effect as if set forth herein.

102.   This is an action for damages in *quantum meruit*.

103.   Defendant refused to pay Plaintiff the commissions, overtime or other monies earned.

104.   Plaintiff was denied due compensation. As a result, Defendant has been unjustly enriched by Plaintiff's labor and efforts.

105.   For the three years preceding his termination on December 6, 2019, Defendant has failed or refused to pay Plaintiff, in whole or in part, for the overtime, commissions or other monies he earned for services provided and from which Defendant directly benefited.

106.   Under the circumstances of this case, it would be inequitable for Defendant to retain the benefit of the commissions earned by Plaintiff without payment of the full and actual value thereof.

### SIXTH CAUSE OF ACTION
*(Unjust Enrichment - Alternative Claim)*

107.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 55 of this complaint with the same force and effect as if set

forth herein.

108.   This is an action in equity for unjust enrichment. This claim is being pled as an alternative claim to Plaintiff's Fifth Cause of Action in this Complaint and in the event that it is determined Plaintiff is not entitled to relief under Plaintiff's Fifth Cause of Action.

109.   Defendant received substantial and valuable benefits from Plaintiff for the services rendered to it.

110.   Plaintiff is entitled the actual and total commissions, wages or other monies earned prior to his involuntary termination.

111.   Defendant has failed or otherwise refused to pay Plaintiff, in whole or in part, the total commissions, wages or other monies earned and otherwise owed for service rendered.

112.   No adequate or complete remedy at law exists to Plaintiff for relief of the failure of Defendant to compensate Plaintiff for the reasonable value of the services he provided and from which Defendant benefited.

113.   Under the circumstances of this case, it would be inequitable for Defendant to retain the full amount of benefits conferred upon and realized by it, without payment to Plaintiff for the actual and total commissions owed to him.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a

judgment:

a.     Declaring the acts and practices complained of herein are violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), Fair Labor Standards Act ("FLSA"), Florida Statutes and other common law claims asserted herein.

b.     Enjoining and permanently restraining those violations of the Americans with Disabilities Act Amendments of 2008 (ADAA), Fair Labor Standards Act ("FLSA"), Florida Statutes and other common law claims asserted herein, and directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

c.     Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

i.     Awarding Plaintiff Front Pay in lieu of reinstatement;

ii.     Awarding Plaintiff compensatory damages;

iii.     Awarding Plaintiff liquidated damages;

iv.      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

d.      Granting such other and further relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: December 30, 2020.          By: */s/ Clayton M. Connors*
                                   CLAYTON M. CONNORS
                                   Florida Bar No.: 0095553
                                   Email: cmc@westconlaw.com
                                   **THE LAW OFFICES OF**
                                   **CLAYTON M. CONNORS, PLLC.**
                                   4400 Bayou Blvd., Suite 32A
                                   Pensacola, Florida 32503
                                   Tel:  (850) 473-0401
                                   Fax: (850) 473-1388
                                   Attorney for the Plaintiff